**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT DIXON, | No. 20-16620 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-07137-EMC |
| v. | |
| COUNTY OF SONOMA; ROBERT GIORDANO, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted August 17, 2021**

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Robert Dixon appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging a policy of inadequate housing under the Fourteenth Amendment while he was a pre-commitment civil detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Dixon failed to raise a genuine dispute of material fact as to whether the County of Sonoma had a policy or custom of violating the substantive due process rights of civil detainees in the County's Main Adult Detention Facility. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipal liability under § 1983 requires execution of policy or custom that inflicts plaintiff's constitutional injury); *Jones*, 393 F.3d at 932 (a pre-commitment detainee is "entitled to protections at least as great as those afforded to a civilly committed individual and at least as great as those afforded to an individual accused but not convicted of a crime"); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Dixon's motion for appointment of counsel (Docket Entry No. 16) is denied.

**AFFIRMED.**